9149/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant and Third-Party Plaintiff Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS LAMONT, INC., <br> Plaintiff, <br> - against — <br> M.V. "X-PRESS RESOLVE", her engines, boilers, etc., and HANJIN SHIPPING CO. LTD. <br> -and - <br> HANJIN SHIPPING CO. LTD. <br> Defendant and Third-Party Plaintiff, <br> -against- <br> CEYSPENCE (Pvt) LTD and CEYLINE SHIPPING LTD. <br> Third-Party Defendants. | 08 Civ. 2519 (RMB) <br><br> **THIRD PARTY COMPLAINT** |

Defendant and third-party plaintiff Hanjin Shipping Co. Ltd. ("Hanjin") by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its third-party complaint, alleges upon information and belief as follows:

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

2. This third-party action is brought pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

3. Attached hereto as Exhibit A is a copy of plaintiff's complaint.

4. Attached hereto as Exhibit B is a copy of Hanjin's answer.

5. Third-party defendant Ceyspence (Pvt) Ltd. was at all times relevant hereto a corporation or other legal entity organized and existing under the laws of a foreign nation with an office and place of business c/o of Ceyline Shipping Ltd. in Colombo, Sri Lanka, and is subject to the jurisdiction of this Court.

6. Third-party defendant Ceyline Shipping Ltd. was at all times relevant hereto a corporation or other legal entity organized and existing under the laws of a foreign nation with an office and place of business in Colombo, Sri Lanka, and is subject to the jurisdiction of this Court.

7. Plaintiff's complaint alleges that during the voyage of the vessel X-PRESS RESOLVE, a shipping container containing plaintiff's goods was lost overboard on or about June 28, 2007.

8. During said voyage, third-party defendant Ceyline Shipping Ltd. was the manager of the vessel, and third-party defendant Ceyspence (Pvt) Ltd. was the owner of the vessel.

9. If the shipment was lost as alleged in plaintiff's complaint, then such loss was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty, express or implied, of third-party defendants and/or their servants and/or agents and/or was caused in whole or in part by the unseaworthiness of the vessel.

10. Therefore, if plaintiff recovers from Hanjin, whether by settlement or judgment, then Hanjin is entitled to contribution and/or indemnity from the third-party defendants together with all costs including attorneys' fees.

WHEREFORE, Hanjin prays for the following:

(a) That process in due form of law according to the rules and practices of this Court may issue against third-party defendants requiring third-party defendants to appear and answer this third-party complaint;

(b) That third-party defendants be adjudged directly liable to the plaintiff herein for any damages suffered and that it be further required to appear and answer plaintiff's complaint as provided for by Rule 14(c) of the Federal Rules of Civil Procedure;

(c) That Hanjin be awarded indemnity/contribution from third-party defendants including all costs and attorneys' fees; and

(d) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 18, 2008

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant and Third-Party Plaintiff
Hanjin Shipping Co. Ltd.

By: _____
Randolph H. Donatelli (RHD-5359)
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

To: McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 376-6400

3

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 18, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Third Party Complaint, by regular U.S. mail to the following attorney at the following address:

To:   McDermott & Radzik, LLP
      Wall Street Plaza
      88 Pine Street
      New York, New York 10005
      (212) 376-6400


                                            *Jennifer Scianna* (signature)
                                            Jennifer Scianna

DATED:   June 18, 2008
         New York, New York

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

WELLS LAMONT, INC.,

          Plaintiff,

   -against-

M.V. "X-PRESS RESOLVE",
her engines, boilers, etc.,

   -and against-

HANJIN SHIPPING CO., LTD.

          Defendants.

-------------------------------------------------------X

08 CV 2519

VERIFIED COMPLAINT

08 CIV

Judge Berman



1. This is a case of contract, cargo damage and non-delivery of cargo, civil and maritime and is an admiralty and maritime claim within the meaning of the Rule 9(h). Plaintiff invokes the maritime procedures specified in Rule 9(h).

2. Plaintiff, WELLS LAMONT, INC., is a legal entity organized under the law, with an office located at 6640 West Touhy Avenue, Niles, Illinois 60714. Defendant, HANJIN SHIPPING CO., LTD., is a legal entity organized under the law, with an office located at 80 East Route 4, Suite 490, Paramus, New Jersey 07652.

3. During all times herein mentioned, defendant was the owner and/or operator of the M.V. "X-PRESS RESOLVE" and operated it in the common carriage of goods by water for hire between Calcutta and Savannah, Georgia.

4. The M.V. "X-PRESS RESOLVE" is now or during the pendency of this action will be, within this District.

3.  That an interlocutory judgment be entered in favor of the plaintiff against the M.V. "X-PRESS RESOLVE", against defendants directing that the plaintiff recover its damages and that the M.V. "X-PRESS RESOLVE", be condemned and sold and the proceeds of sale be applied to the payment to plaintiff of the sums found due it;

4.  That the amount due plaintiff be computed by further proceedings before a Magistrate, pursuant to Rule 53(b) and/or by further proceedings before the Court, pursuant to Rule 42(b);

5.  That final judgment against defendant and the M.V. "X-PRESS RESOLVE", be entered in favor of the plaintiff for the amount found due plaintiff with interest and with costs; and

6.  That plaintiff have such other and further relief as may be just.

Dated: New York, New York
       March 11, 2008

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By: _____
William R. Connor III (WC-4631)
Wall Street Plaza
88 Pine Street
New York, New York 10005
212-376-6400

3

C:\Documents and Settings\Erra\My Documents\Erra\WRConnor\f4-07-361\verified complaint 030508.doc

STATE OF NEW YORK    )
                     : S.S.
COUNTY OF NEW YORK  )

WILLIAM R. CONNOR III, being duly sworn, deposes and says:

I am a member of the firm of McDermott & Radzik, LLP. attorneys for the Plaintiffs in this action.

I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are documents in the possession of my firm.

William R. Connor III (WC 4631)

Sworn to before me this
11th day of March, 2008

_____
Notary Public

MATTHEW T. LOESBERG
Notary Public, State of New York
No. 02LO6051626
Qualified in New York County
Commission Expires 12-4-2010

# EXHIBIT B

9149/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS LAMONT, INC., <br><br>                                   Plaintiff, <br><br> - against – <br><br> M.V. "X-PRESS RESOLVE", <br> Her engines, boilers, etc., <br><br> -and against- <br><br> HANJIN SHIPPING CO. LTD. <br><br>                                   Defendants. | 08 Civ. 2519 (RMB) <br><br> **ANSWER** |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint alleges upon information and belief as follows:

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.  Admits that on or about June 22, 2007 at Calcutta there was delivered to the vessel a sealed container said to contain gloves for transport on the vessel with transshipment to another vessel for on-carriage to Savannah and then overland to Philadelphia, Mississippi pursuant to Hanjin bill of lading HJSCCCUA00293704 on CY/Door terms, but except as so specifically admitted, denies the allegations of paragraph 5.

6.  Admits that the container was loaded on the vessel and was lost overboard at sea, but except as so specifically admitted, denies the allegations of paragraph 6.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.  Denies the allegations of paragraph 9.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

10. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

11. The above shipment was subject to all the terms, conditions and exceptions contained in a certain bill of lading issued therefor for which the shipper, owner, consignee or holder of said bill of lading agreed to be bound and are bound.

2

## SECOND AFFIRMATIVE DEFENSE

12. Any loss and/or damage to the above shipment was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

## THIRD AFFIRMATIVE DEFENSE

13. Any loss and/or damage to the shipment resulted from perils, dangers, and accidents of the seas and/or Act of God.

## FOURTH AFFIRMATIVE DEFENSE

14. Any damage to and/or loss of the above shipment was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

## FIFTH AFFIRMATIVE DEFENSE

15. Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

## SIXTH AFFIRMATIVE DEFENSE

16. This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

WHEREFORE, Hanjin prays for:

(a) An order dismissing plaintiff's complaint;

(b) An award of all costs including attorneys' fees; and

(c) Such other and further relief as this Court may deem just and proper.

3

Dated: New York, New York
May 16, 2008

                                              Respectfully submitted,

                                              CICHANOWICZ, CALLAN, KEANE,
                                              VENGROW & TEXTOR, LLP
                                              Attorneys for Defendant Hanjin Shipping Co. Ltd.

                                              By: <u>s/ Randolph H. Donatelli</u>
                                                      Randolph H. Donatelli (RHD-5359)
                                              61 Broadway, Suite 3000
                                              New York, New York 10006-2802
                                              (212) 344-7042

To:    McDermott & Radzik, LLP
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005
        (212) 376-6400

4

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On May 16, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Answer, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To: McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 376-6400

*Jennifer Scianna*
Jennifer Scianna

DATED: May 16, 2008
New York, New York